UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNION MUTUAL FIRE INSURANCE COMPANY,

                Plaintiff,

    -against-

JULIO CHAUCA and ESTHER RODRIGUEZ,

                Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22 CV 7417 (EK) (CLP)

**POLLAK**, United States Magistrate Judge:

On December 7, 2022, plaintiff Union Mutual Fire Insurance Company ("Union Mutual") commenced this action seeking a declaration that it has no obligation to defend or indemnify its policy holder, Julio Chauca ("Chauca"), in an underlying lawsuit filed in New York State Supreme Court, Queens County, entitled Esther Rodriguez v. Julio Chauca, Index No. 716220/2022, and in connection with a related Workers' Compensation claim. (Compl.[1]). Union Mutual contends that it has no duty to defend its insured because the underlying action relates to the work of a contractor for whom there was no certificate of insurance as is required by the Union Mutual policy (the "Policy"). (Id.)

On December 13, 2022, plaintiff filed a Waiver of the Service of Summons signed by counsel for Esther Rodriguez. (ECF No. 5). Defendant Rodriguez' answer was due 60 days after December 8, 2022, the date the waiver was signed; however, she never appeared in this action. Defendant Julio Chauca appeared in this case on December 30, 2022, and filed an answer and counterclaim on January 23, 2023. (See ECF Nos. 8, 9, 11).

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed on December 7, 2022 (ECF No. 1).

1

For the reasons stated below, this Court respectfully recommends that plaintiff's motion be denied without prejudice.

## FACTUAL BACKGROUND

Union Mutual alleges that they issued a commercial property and general liability insurance policy to Julio Chauca for the period from December 11, 2021 to December 11, 2022. (Compl. ¶ 13).  The relevant section of the policy is entitled "CONDITIONS – INDEPENDENT CONTRACTORS AND SUBCONTRACTORS COVERAGE," and states that the Policy will only provide independent or sub-contractor coverage when the following conditions are met:

> With respect to work performed on your behalf by independent contractors or subcontractors, if (1) each such independent contractor or subcontractor carries insurance providing coverage for the "bodily injury" or "property damage" that would be subject to the exclusions in paragraphs 2, 3 and 4[2] below and; (2) such insurance provides coverage and limits at least equal to that provided by this policy but for the exclusions in paragraphs 2, 3 and 4 below and; (3) you have been named as an additional insured on such insurance coverage, then the exclusions in paragraphs 2, 3 and 4 below shall not apply and this policy shall be excess over such insurance.

(Id. ¶ 22).

On November 8, 2022, Union Mutual received notification that a lawsuit was filed by Esther Rodriguez against Julio Chauca in New York State Supreme Court, Queens County, "alleging that Rodriguez sustained bodily injuries while doing work at the insured premises" on January 29, 2022.  (Id. ¶¶ 24, 26).  As part of its subsequent investigation, Union Mutual states that they received a written statement from Mr. Chauca, stating that "on January 29, 2022, apartment 1R at the insured premises was being renovated by a contractor he hired, and that there was no written contract or certificate of insurance for this work."  (Id. ¶ 28).  Union Mutual

---

[2] Paragraphs 2, 3, and 4 exclude coverage for bodily injury and property damage related to the work of independent contractors and subcontractors.  (Compl. ¶ 22).

issued a Disclaimer of Coverage letter related to the underlying action on December 6, 2022. (Id. ¶ 29). The following day, Union Mutual commenced this action, seeking a declaration that it has no obligation to defend or indemnify Mr. Chauca in Esther Rodriguez' state court lawsuit or her Workers' Compensation claim.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. See id.; see also Fed R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the court may enter a default judgment. See Fed. R. Civ. P. 55(b).

The Second Circuit has warned that default judgment is an extreme remedy that should be used only when the need to move a case forward expeditiously trumps a party's right to be heard before a court of law. See Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981). While the Second Circuit has recognized the "push on a trial court to dispose of cases that, in disregard of the rules, are not processed expeditiously [and] . . . delay and clog its calendar," it has held that the district court must balance that interest with its responsibility to "[afford] litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95-96.

Here plaintiff seeks default judgment against only one of two defendants, Esther Rodriguez, while the other defendant, Julio Chauca, has appeared and is participating in the

3

litigation. Thus, the Court must consider whether entering a default judgment against one of the two defendants at this point is premature. See Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, 06 CV 03140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)).

Before entering a final judgment as to some of the parties in an action but not all, the Court must "expressly" determine that there is no reason to delay judgment against those parties. Fed. R. Civ. P. 54(b). There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6). However, "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants." Knowles-Carter v. Feyonce, Inc., No. 16 CV 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017).

Here, plaintiff Union Mutual seeks entry of a default judgment declaring that it has no obligation to defend or indemnify anyone against the claims in Esther Rodriguez' state court lawsuit or Workers' Compensation request. (ECF No. 17). If the Court were to grant plaintiff's motion and enter such a declaration, Mr. Chauca, the appearing defendant who is contesting plaintiff's position as to the obligation to defend and indemnify, would be adversely prejudiced. See Falls Lake Nat'l Ins. Co. v. Nexus Builders Corp., No. 21 CV 1403, 2022 WL 992714, at *5 (S.D.N.Y. Mar. 31, 2022); see also Century Sur. Co. v. Whispers Inn Lounge, Inc., No. 13 CV 9049, 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014) (denying default judgment without

4

prejudice, where "[g]ranting [plaintiff's] requested relief and declaring that the underlying action is not covered. . . would, in effect, decide the case for [the co-defendant], even though it disputes [plaintiff's] claims").

Thus, the Court respectfully recommends that plaintiff's motion for default judgment against Esther Rodriguez be denied without prejudice and with leave to refile once plaintiff's claims against Julio Chauca are resolved and the risk of prejudice is obviated.

## CONCLUSION

Considering the foregoing, the Court respectfully recommends that the District Court deny plaintiff's motion for default judgment without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is directed to promptly serve a copy of this Report and Recommendation on Esther Rodriguez and file proof of service.

**SO ORDERED.**

Dated: Brooklyn, New York
      February 26, 2024

                              /s/ Cheryl L. Pollak
                              Cheryl L. Pollak
                              United States Magistrate Judge
                              Eastern District of New York