UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

UNION MUTUAL FIRE INSURANCE COMPANY,

Plaintiff,

-against-

JULIO CHAUCA and ESTHER RODRIGUEZ,

Defendants.

-----------------------------------x

**MEMORANDUM & ORDER**
22-CV-7417 (EK)(PCG)

ERIC KOMITEE, United States District Judge:

Julio Chauca owns property on 97th Street in Corona, Queens. He hired an independent contractor — Marco Dutan — to perform a "gut renovation" of one of the apartments in that building. Esther Rodriguez claims that she fell from a ladder and sustained injuries while working on that renovation. She sued Chauca in New York State Supreme Court in Queens.

Union Mutual had written a commercial liability policy to Chauca; that policy remained in effect when Rodriguez claims to have been injured. The insurance company has now brought suit in this Court, seeking a declaration that it has no duty to defend or indemnify Chauca in the state case. Union Mutual also sued Rodriguez herself, "in order for complete relief to be afforded to all." Compl. ¶ 10, ECF No. 1. Chauca has appeared in this action; Rodriguez has not.

For the reasons that follow, Union Mutual's motions for summary judgment seeking a declaratory judgment (against Chauca) and default judgment (against Rodriguez) are granted.

## I. Background

### A. The Underlying Dispute

Union Mutual issued a commercial-property and general-liability insurance policy to Chauca for the apartment building he owns. The policy was in effect from December 2011 to December 2022. Def.'s Counterstatement to Pl.'s Local Rule 56.1 Statement of Material Facts ("Def.'s Rule 56.1 Resp.") ¶ 2, ECF No. 34-1. Chauca decided to renovate one of the units, Apartment 1R, and hired a contractor, Marco Dutan, for the project. *Id.* ¶¶ 13-14. Dutan did not maintain his own general liability insurance for the duration of the work. *Id.* ¶ 15. One of Dutan's workers, defendant Esther Rodriguez, was allegedly injured. The parties dispute whether Rodriguez was injured when she fell from a ladder while doing demolition work or whether she fell on ice outside of her own home, as Rodriguez's hospital records reflect her having said during treatment. *Id.* ¶ 16.[1]

Rodriguez sued Chauca in state court, alleging that she sustained bodily injuries at the Corona apartment. Lambert

[1] Rodriguez's deposition testimony reveals that she lied to hospital staff because she feared deportation. Rodriguez Tr. 55:13-14, ECF No. 36-1.

Aff. ¶ 15, ECF No. 33-3. Union Mutual was notified of the underlying action and investigated it, ultimately denying coverage. Union Mutual relied on two provisions in its agreement with Chauca: (1) the "Independent or Sub-contractors Conditions Endorsement" and (2) the "Exclusion [for] Designated Ongoing Operations." Def.'s Rule 56.1 Resp. ¶ 23. Shortly thereafter, Union Mutual filed the instant action, seeking a declaration that it had no obligation to defend or indemnify Chauca in Rodriguez's state-court action or workers' compensation claim.

**B. The Policy**

The policy at issue does provide some "independent or sub-contractor's coverage," but only if several conditions are met. Insurance Policy 79, ECF No. 33-5.[2] Specifically, the endorsement concerning contractors provides that, *if* a contractor carries insurance meeting specified conditions, *and* that insurance provides sufficiently robust coverage, *and* Union Mutual's insured (here, Chauca) is "named as an additional insured" on such coverage, then Union Mutual's policy will cover bodily injuries arising from the work of those contractors. *Id.*

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

(Even then, it applies only as "excess" over the contractor or subcontractor's policy. *Id.*) The endorsement reads as follows:

> 1. With respect to work performed on your behalf by independent contractors or subcontractors, if (1) each such independent contractor or subcontractor carries insurance providing coverage for the "bodily injury" or "property damage" that would be subject to the exclusions in paragraphs 2, 3 and 4 below and; (2) such insurance provides coverage and limits at least equal to that provided by this policy but for the exclusions in paragraphs 2, 3 and 4 below and; (3) you have been named as an additional insured on such insurance coverage, then the exclusions in paragraphs 2, 3 and 4 below shall not apply and this policy shall be excess over such insurance.
>
> 2. This insurance does not apply to "bodily injury" or "property damage" arising out of any and all work performed by independent contractors and subcontractors, regardless of whether such work is performed on your behalf or whether such work is performed for you or others . . . .
>
> 3. . . . .
>
> 4. This insurance does not apply to "bodily injury" or "property damage" sustained by any owner, partner or employee of any independent contractor or subcontractor working for you or on your behalf, regardless of whether such work is performed on your behalf or whether such work is performed for you or for others . . . .

Def.'s Rule 56.1 Resp. ¶ 7; see also Insurance Policy 79. It is undisputed here that Chauca's contractor — Dutan — carried no insurance of his own.

When the stated conditions are unmet, the policy will not cover any "bodily injury" losses "arising out of the ongoing operations" associated with any "construction, renovation or

repair work being performed" at the insured location. Insurance Policy 89; *see* Def.'s Rule 56.1 Resp. ¶ 8.

Finally, the policy does not cover injuries that occur outside of the insured premises. Def.'s Rule 56.1 Resp. ¶ 9; Insurance Policy 86.

## II. Legal Standards

***Summary Judgment.*** Summary judgment is appropriate when there is no genuine dispute of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). And a fact is material if it "might affect the outcome of the suit under governing law." *Id.*

The movant bears the burden of showing that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the non-movant would bear the burden of persuasion on a given issue at trial, the movant can satisfy its burden of production either by "submitting evidence that negates an essential element of the non-moving party's claim," or "demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017).

Whether an exclusion in an insurance policy applies is a mixed question of law and fact. *See Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 97 (2d Cir. 2002). So, a court may only grant summary judgment if, based on the undisputed facts in the record, "there is no possible factual or legal basis on which [the insurer] might eventually be obligated to indemnify its insured under any policy provision." *Id.*

***Default Judgment.*** Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed. R. Civ. P. 55(a) (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default, the court may enter a default judgment. *See* Fed. R. Civ. P. 55(b).

## III. Discussion

### A. Claims Against Chauca

As noted, Union Mutual seeks a declaration that it has no duty to *defend* Chauca. Generally speaking, New York law dictates that the obligation to defend be determined on the basis of the pleadings in the underlying action, and not on the basis of evidence extrinsic to those pleadings. *See Fitzpatrick v. Am. Motor Honda*, 78 N.Y.2d 61, 65-66 (1991) (duty to defend "is called into play whenever the pleadings allege an act or omission within the policy's coverage," even if "there exist extrinsic facts suggesting that the claim may ultimately prove meritless or outside the policy's coverage").

There is, however, a well-settled exception to this rule. Where extrinsic evidence "may conclusively establish that an insurer faces no possible liability," the New York courts will (and frequently do) consider extrinsic evidence. *Burt Rigid*, 302 F.3d at 97; *see also IBM v. Liberty Mut. Ins. Co.*, 363 F.3d 137, 148 (2d Cir. 2004) ("A narrow, but widely recognized exception to the rule allows an insurer to refuse or withdraw a defense if evidence extrinsic to those sources and unrelated to the merits of plaintiff's action, plainly take the case outside the policy coverage."); *Avondale Indus., Inc. v.*

*Travelers Indem. Co.*, 774 F. Supp. 1416, 1424-25 (S.D.N.Y. 1991) (collecting cases).[3]

1. Declaratory Judgment

The Declaratory Judgment Act permits a district court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Courts "commonly acknowledge the propriety of declaratory relief in actions, like this one, initiated by insurers against their insureds to bring certainty to their coverage obligations, particularly where underlying actions against the insured already are pending." *Harleysville Ins. Co. v. Certified Testing Lab'ys Inc.*, 681 F. Supp. 3d 155, 165 (S.D.N.Y. 2023) (collecting cases).

2. Coverage

The parties adduced conflicting evidence regarding the source of Rodriguez's injury. Some of the testimony and evidence suggests that she fell off a ladder while doing

[3] This is especially true of evidence that does not "go directly to the merits of the claims in the underlying action." *Houston Cas. Co. v. Hudson Excess Ins. Co.*, No. 21-CV-3182, 2021 WL 4555526, at *4 (S.D.N.Y. Oct. 4, 2021); *see also Avondale*, 774 F. Supp. at 1425 ("[W]here the factual issue central to the insurance coverage dispute is collateral to the underlying action, so that it is irrelevant to the underlying action and will not be addressed there, the court which has jurisdiction over the declaratory coverage action may make the determination."). Here, that would be the case with, for example, the evidence — indeed, the concession — that Chauca's contractor had no insurance: that fact would be irrelevant to the liability determination in the underlying action.

demolition work at the Corona apartment. ECF Nos. 33-9 (Chauca signed statement), 33-10 (Chauca response to RFAs), 33-13 (Dutan deposition transcript), 33-16 (Chauca, Dutan contract), 33-17 (Dutan Aff.). But when Ms. Rodriguez went to the hospital, she claimed that she had fallen on ice outside of her house. ECF No. 33-14 (Rodriguez hospital record).

Union Mutual argues that regardless of where Rodriguez was injured, it has no duty to defend. If she was injured on the insured premises, coverage is barred under the Designated Ongoing Operations Exclusion and the Independent or Sub-Contractors Conditions Endorsement. Pl.'s Mem. Supp. Mot. Summ. J. & Default J. ("Pl.'s Br.") 11-14, ECF No. 33-2. If she was injured away from the insured premises, coverage is barred under the Limitation of Coverage to Designated Premises or Project provision. *Id.* at 14-15.

Chauca argues in response that because disputes of fact exist as to where and how the injury in the underlying incident occurred, this case must go to trial. Def. Mem. in Opp'n. ("Chauca's Br.") 5, ECF No. 34-2. But, for the reasons discussed below, none of the disputed facts are material.

a. "Designated Ongoing Operations" Exclusion

If a jury were to conclude that Rodriguez's injuries arose from Dutan's work at the subject premises, then the Designated Ongoing Operations Exclusion would plainly foreclose

coverage. "Where the terms of an insurance policy are clear and unambiguous, they should be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement." *In re Ideal Mut. Ins. Co.*, 659 N.Y.S.2d 273, 275 (App. Div. 1st Dep't 1997). Courts consider extrinsic evidence only where the "policy is ambiguous and susceptible of two reasonable interpretations." *Id.* The Designated Ongoing Operations exclusion states that the policy does not apply to any "construction, renovation or repair work" at the insured premises, unless the person performing that work is an independent contractor that meets the criteria outlined in the Independent or Sub-Contractors Conditions Endorsement. Insurance Policy 89. The parties agree that Dutan does not meet those criteria because he did not carry his own insurance. Def.'s Rule 56.1 Resp. ¶ 15. Moreover, Chauca concedes that Dutan was hired to "perform renovations" to the apartment. ECF No. 33-9 (Chauca signed statement); Def.'s Rule 56.1 Resp. ¶ 13 (admitting that "Dutan was hired by Chauca to renew and renovate apartment 1R"). Therefore, the Designated Ongoing Operations Exclusion applies.

At oral argument, Chauca's attorney asserted that Rodriguez may have been at the subject premises as a guest or a job-seeker, rather than as Dutan's employee. There are two problems with this theory. *First*, there is no record evidence

to support it. Chauca identifies none; instead, he seeks to draw this inference from Rodriguez's underlying complaint in the state litigation. But that complaint does not support that inference. Instead, it suggests — both explicitly and by inference — that Rodriguez was Dutan's employee. Specifically, it refers to the "hazardous" and "unsafe" "job site" and "job site materials" "around which" the plaintiff — that is, Rodriguez — "was *working*." Verified Complaint ¶ 22, *Rodriguez v. Chauca*, No. 716220/2022 (N.Y. Sup. Ct. Queens Cnty. filed Aug. 5, 2022), ECF No. 33-7 (emphasis added). It also refers to her use of a "ladder" that was in "an improper working condition," *id.* ¶ 15, and one might reasonably ask why a guest or interviewee would be working on a ladder. Finally, the state-court complaint asserts claims pursuant to the New York Labor Law that are (by definition) only available to employees.[4]

*Second* (and perhaps more importantly), the policy would still preclude coverage *even if* Rodriguez were on the premises as a guest or job-seeker. The Designated Ongoing Operations exclusion says that the policy "does not apply to bodily injury" claims "*arising out of* the ongoing operations" on the premises. Insurance Policy 89. Thus, if Rodriguez's

[4] *See, e.g.*, *id.* ¶ 19 (asserting a violation of N.Y. Labor Law § 240(1)); *Stringer v. Musacchia*, 11 N.Y.3d 212, 215 (2008) (Section 240(1) protects only "employees").

injuries arose out of the renovation work at the subject premises, Chauca would not be covered — irrespective of whether Rodriguez was present as an employee.

Accordingly, if Rodriguez was injured while at the renovation site, then no reasonable jury could reach any conclusion other than that her activities fell within the plain meaning of the policy's Designated Ongoing Operations Exclusion.

b. Limitation of Coverage to Designated Premises or Project

Chauca says a dispute of fact persists as to whether Rodriguez was injured when she fell outside her home. Indeed, in his 56.1 statement, Chauca takes the position that the record compels the conclusion that she did. Def.'s Rule 56.1 Resp. ¶ 24 ("Not only can it be demonstrated that Rodriguez was not injured at the insured premises, but it has already been conclusively proven.").

The problem for Chauca on this theory is that if Rodriguez fell outside her home, the plain meaning of a second exclusion would preclude coverage: namely, the provision entitled "Limitation of Coverage to Designated Premises or Project." Insurance Policy 86. As the parties agree, that provision limits coverage to incidents occurring on the insured premises. *Id.* Indeed, in acknowledging this, Chauca all but concedes that he should lose this action. He writes that "given

the record indicating that [Rodriguez's] alleged injury was not sustained on the premises, her fraudulent claim in [sic] does not trigger a duty to defend as a matter of law." Def.'s Rule 56.1 Resp. ¶ 24.

Thus, the Court need not decide whether Rodriguez sustained her injury at her home or at the insured premises. Under either theory, summary judgment must be granted for Union Mutual. "An insurer's duty to defend . . . ends if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision." *Burt Rigid*, 302 F.3d at 97 (citing *Allstate Ins. v. Zuk*, 78 N.Y.2d 41, 45 (1991)). That has been established here as a matter of law.

3. <u>Timeliness</u>

The parties also dispute (in the briefs) whether Union Mutual's disclaimer of coverage was timely. But Chauca concedes that the disclaimer was timely in his Rule 56.1 Response. Def.'s Rule 56.1 Resp. ¶ 23 (answering "Undisputed" to the statement that "On December 6, 2022, Union Mutual timely issued a Disclaimer of Coverage letter relative to the Underlying Action"). "Parties are bound by their concessions in Rule 56.1 Statements." *McKinney v. City of Middletown*, 49 F.4th 730, 744 (2d Cir. 2022). Therefore, Chauca's concession is dispositive.

Even if Chauca had not made this concession, Union Mutual's disclaimer was timely. Union Mutual was notified of the underlying action on November 7, 2022, and disclaimed coverage on December 6, 2022. Def.'s Rule 56.1 Resp. ¶¶ 11, 23. Chauca argues that Union Mutual waited too long to deny coverage. Union Mutual's investigation was complete by November 14 — the date on which Union Mutual asked him to sign a statement regarding the underlying incident — but Union Mutual did not disclaim coverage for an additional three weeks. Chauca's Br. 12. But Union Mutual did not receive Chauca's signed statement until November 20, making the delay only sixteen days. *See* ECF No. 35-2. Occasionally, delays longer than thirty days will constitute an unreasonable delay, but the period at issue here, during which the insurance company was performing an investigation, is timely as a matter of law. *Falls Lake Nat'l Ins. Co. v. Kalnitech Constr. Corp.*, 774 F. Supp. 3d 456, 475 (E.D.N.Y. 2025) (collecting cases).

**B. Claims Against Rodriguez**

Union Mutual seeks a default judgment against Rodriguez. Rodriguez was properly served with the summons in this action on December 8, 2022, but never appeared. ECF No. 5. The Clerk of Court has issued a certificate of default. ECF No. 15. The undisputed facts entitle Union Mutual to relief against Rodriguez, because the plain language of the insurance

policy bars coverage. *Maxum Indemnity Co. v. Oxford Interior Corp.*, 443 F. Supp. 3d 348, 353 (E.D.N.Y. 2020). Therefore, Union Mutual's motion for default judgment is granted as to Rodriguez.

## IV. Conclusion

For the foregoing reasons, Union Mutual's motion for summary judgment against Chauca is granted, and its motion for default judgment against Rodriguez is granted. The Clerk of Court is respectfully directed to enter judgment for Union Mutual and close the case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 29, 2026
Brooklyn, New York